426 A.2d 119

**COMMONWEALTH of Pennsylvania**

v.

**James M. FRIES, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed Feb. 20, 1981.

422

Bruce M. Johnson, Meadville, for appellant.

Stephen Toole, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

■ This appeal raises the question whether appellant's conviction for driving under the influence of alcohol, a misdemeanor, was barred by the provisions of 18 Pa.C.S.A. § 110[1] dealing with multiple prosecutions for different

1. Section 110 is based on the Model Penal Code, which [s]ought by its formulation of the section [110] to prevent the representatives of the state from bringing successive prosecutions "whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a 'hold' upon a person after he has been sentenced to imprisonment, or simply harass by multiplicity of trials." Model Penal Code § 1.08, Comment at 34 (Tent. Draft No. 5, 1956). *Commonwealth v. Green*, 232 Pa.Super. 134, 142, 335 A.2d 493, 497 (1975). Although appellant has not directly raised the issue of the applicability of the rule of compulsory consolidation of trials

offenses arising out of the same "criminal episode." Appellant was charged with two offenses: driving under the influence and speeding, a summary offense. Appellant attempted to plead guilty to the summary offense by tendering payment of the fines and costs involved. The court below found that appellant's attempted guilty plea was not accepted by the district magistrate and that, therefore, he had not been convicted of the speeding charge since, under 18 Pa.C.S.A. § 109(3), a conviction results if there is, *inter alia*, ". . . a plea of guilty *accepted by the court.*" [Emphasis added.] We agree, and will affirm.

On March 6, 1978, appellant, James Fries, was stopped on the highway for speeding. Because the state trooper detected the odor of alcohol on appellant's breath (which was later confirmed by a breathalyzer test), appellant was placed under arrest both for speeding[2] and for driving under the influence of alcohol.[3]

On March 8, 1978, the trooper filed a criminal information charging appellant with driving under the influence, to

set forth in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), explained, 455 Pa. 622, 314 A.2d 854 (1974), cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974), our decision today does not contravene the *Campana* rule. "[B]oth *Campana* and Section 110 prohibit successive trials for various charges arising from the same conduct or criminal episode by requiring that the charges be consolidated and tried in one proceeding." *Commonwealth v. Thornton*, 247 Pa.Super. 94, 97, 371 A.2d 1343, 1344 (1977).

The first *Campana* decision was generally held to be based on the constitutional prohibition against double jeopardy. We have since interpreted the second *Campana* decision as being based on the Supreme Court's supervisory powers and not on the constitutional provision against double jeopardy. See *Commonwealth v. Hynd*, 230 Pa.Super. 114, 326 A.2d 434 (1974); *Commonwealth v. Thornton*, supra.

Finally, it should be noted that the *Campana* rule encompasses both summary indictable offenses arising from the same connected series of occurrences, *Commonwealth v. Splain*, 242 Pa.Super. 503, 364 A.2d 384 (1976), which is the situation presented in the instant case.

2. 75 Pa.C.S.A. § 3362.

3. 75 Pa.C.S.A. § 3731.

which was attached a citation charging him with the summary offense of speeding.

On March 20, 1978, appellant appeared at the office of District Magistrate Randall stating to one of the secretaries that he wished to pay the fines and costs in connection with the speeding charge. He said nothing about the misdemeanor charge. The secretary, who did not check appellant's file first, accepted appellant's personal check. The Magistrate was at lunch at the time. When he returned and was informed by the secretary that she had accepted appellant's check without realizing that a misdemeanor charge was pending against him, the Magistrate immediately realized that a mistake had been made. He then dictated a letter to be sent to appellant stating that his payment on the speeding violation could not be accepted because a misdemeanor was pending at the same time and advising appellant that he was still to appear at a preliminary hearing scheduled for March 28. The Magistrate instructed the secretary to void the check and sent it back, which she did.[4]

The preliminary hearing was held on March 28 on the misdemeanor charge at which time appellant was bound over to the next session of the court of common pleas on both the misdemeanor and the summary charge. Subsequently, appellant was arraigned before the court of common pleas and indicted on both charges. Appellant filed a timely motion to quash the indictment, which was denied. A nonjury trial was held September 26, 1978 at which time appellant was found guilty of both offenses. Appellant then filed a motion in arrest of judgment, which was denied. On January 31, 1979, he was sentenced to pay the fines and costs in connection with both offenses.

On appeal, appellant contends that his tender of the fines and costs in connection with the speeding charge constituted

4. According to Magistrate Randall's testimony, the check was never put through the bookkeeping system at all.

a plea of guilty [5] which was accepted by the court, i. e., the district magistrate, and which, therefore, was a "conviction" within the meaning of 18 Pa.C.S.A. § 109.[6] Under the provisions of Section 110, appellant argues his conviction on the summary charge barred a "subsequent conviction" on the misdemeanor charge since that charge arose out of the same conduct as the summary charge.

Section 110 provides, *inter alia*:

§ 110. When prosecution barred by former prosecution for different offense.

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such

5. Under Pa.R.Crim.P. 52(A)(2)(b)(ii), an individual may plead guilty to a summary offense by ". . . forwarding to the named issuing authority an amount equal to the fine and costs . . ."

6. Section 109(3) states: "[T]here is a conviction if the prosecution resulted in a judgment or conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, *or a plea of guilty accepted by the court.*" (Emphasis added.)

offense is intended to prevent a substantially different harm or evil.

Here, we find that both charges arose out of the same conduct or "criminal episode" within the meaning of Section 110. *Commonwealth v. Bartley*, 262 Pa.Super. 390, 396 A.2d 810 (1979). Before the provisions of Section 110(1) may be found to apply, however, it must first be shown that there was a "former prosecution" which resulted in a conviction "as defined in section 109." Instantly, a problem arises with respect to "former" versus "subsequent" prosecutions since nowhere in the statute are these terms defined. It is clear, however, that in the case at bar the prosecution for the misdemeanor charge was not a "subsequent prosecution." Rather, there was but one prosecution in this instance.

 Under 18 Pa.C.S.A. § 108(e), "a prosecution is commenced either when an indictment is found or when a warrant or summons is issued." Here, the facts show that the citation for the summary offense was attached to the criminal information. It was not the case, then, that appellant was issued a citation for the summary offense on one date and subsequently issued a second citation (or, as in this case, a criminal information) on another date for an offense arising out of the same conduct. Here, both charges were lodged against appellant on the same date, March 8, 1978. Thus, there was but one prosecution brought against appellant. The prosecution for the summary offense, therefore, was not "former" to the prosecution for the misdemeanor offense. Nor did the prosecution for the summary offense result in a conviction, since we affirm the lower court's holding that there was no conviction on the speeding charge because there was no "plea of guilty . . . accepted by the court." The prohibition against subsequent prosecutions contained in Section 110, therefore, does not apply here.

The case of *Commonwealth v. Erisman*,[7] is illustrative of the correct "former" and "subsequent" prosecutions. In

7. 247 Pa.Super. 476, 372 A.2d 925 (1977).

that case, a warrant was issued against appellant on August 24 for driving under the influence of alcohol. On October 2, a summons was issued against him for the summary offense of operating a motor vehicle after revocation of operating privilege.[8] There was no dispute that the summary offense arose out of the same criminal episode as the misdemeanor charge. In November, appellant pleaded guilty to the summary charge. In December, the grand jury indicted him on the misdemeanor offense. Appellant argued that the prosecution for the misdemeanor was barred by his earlier plea of guilty to the summary offense.

We concluded that it was not barred since the prosecution for the misdemeanor was commenced, as per Section 108(e), when the warrant was issued August 24 and was, therefore, "former" to the prosecution of the summary offense which was commenced by the issuance of the summons on October 2. We noted that a situation of this type could possibly be avoided in the future if either the legislature or the Supreme Court, by an amendment to Section 110 or by a new rule, provided that the arresting officer be required to make the summary charge at the same time as the misdemeanor charge. In the case at bar, the arresting officer did bring both charges against appellant at the same time unlike the factual situation posed in the *Erisman* case, supra.

We hold, therefore, that there being only one prosecution here, the rationale of Section 110 and/or *Commonwealth v. Campana*, supra., is inapplicable and that appellant's conviction on the misdemeanor charge was, therefore, not barred by the provisions of Section 110.

We further hold that Magistrate Randall, acting as "the court" in this instance, did not accept appellant's plea of guilty so as to result in a conviction within the meaning of Section 109(3). As Judge Walker so aptly stated in his opinion and order denying appellant's motion in arrest of judgment:

8. 75 Pa.C.S.A. § 1532.

Judge Thomas [in his opinion filed in connection with appellant's motion to quash the information] held that delivery of the defendant's check to a secretary in the office of the District Justice . . . did not constitute a "plea of guilty accepted by the court" as required under 18 Pa.C.S.A. 109(3). The action of the clerical staff of the District Justice is not the action of the court where the District Justice himself in timely fashion disavows that action.

■ Here, the testimony clearly reveals that Magistrate Randall did not accept appellant's attempted guilty plea.[9] We do not see how the Magistrate could have been any clearer in expressing to appellant that his attempted plea of guilty could not be accepted.

By reason of the foregoing, we hold that the provisions of Section 110 are inapplicable here, and we affirm appellant's conviction. Affirmed.

**9.** It should be noted that if the magistrate here *had* accepted appellant's guilty plea, he would have violated Pa.R.Crim.P. 51. The comment to Rule 51 states: "A criminal proceeding shall be brought under Chapter 50 of these Rules [summary cases] in cases in which all offenses charged are either summary offenses or ordinance violations. *If one or more of the charges is a misdemeanor or felony . . . the case shall proceed as a court case under Chapter 100 of these Rules.*" In K. Jarvis, Pennsylvania Crimes Code and Criminal Law, Ch. 1, § 110, discussion at 15 (1974), the author notes in connection with 18 Pa.C.S.A. § 110 that, "[A] District Judge [sic] should not hear the summary offense when there is also charged a misdemeanor or a felony arising out of the same transaction, but they should all be heard by the Common Pleas Court and decided at that time." In Pennsylvania, both summary offenses and indictable offenses may be considered at a single common pleas proceeding. *Commonwealth v. Campana,* supra. Therefore, the Magistrate acted properly here in not accepting appellant's guilty plea.