436 A.2d 228

**COMMONWEALTH of Pennsylvania**

v.

**John Guy CARELLI, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 10, 1980.

Filed Oct. 23, 1981.

Leonard I. Sharon, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an appeal from an Order of the Court below denying a motion to dismiss an information which charges the appellant with recklessly endangering another person and with several traffic violations. Dismissal is sought on the ground that appellant is being placed in double jeopardy because he had previously pleaded guilty before a District Justice and paid fines for traffic violations occurring in another municipality but arising out of the same episode. The motion was denied and we affirm that ruling.

The episode began on November 13, 1978 in North Fayette Township, Allegheny County. The appellant was stopped by Jeffrey Falconer, a North Fayette Township policeman because he was travelling 45 miles an hour in a 35 mile an hour speed zone. The officer obtained appellant's driver's license, returned to his own car, and radioed headquarters for information on appellant. He was advised that South Fayette Township police had an arrest warrant out for appellant, and that the vehicle he was driving was suspected to be a stolen car. On the basis of this information, Officer Falconer asked appellant for his registration card and requested that he get out of his vehicle. Instead, appellant closed the truck window and took off at a high speed toward adjoining Robinson Township, Officer Falconer in pursuit. During the chase, appellant was driving at speeds in excess of 85 miles an hour. Officer Falconer dropped his pursuit at the township border, but radioed Robinson Township police to pick up the chase. Robinson Township police succeeded in apprehending appellant near the Thornburg Bridge in that township.

The Robinson Township police filed charges that same evening, charging appellant with three traffic violations,

speeding, running a stop sign, and eluding a police officer, and with the criminal misdemeanor of recklessly endangering two Robinson Township police officers by attempting to force their car off the road. A preliminary arraignment on these charges was held on November 14, 1978, in Night Court in Pittsburgh, at which time appellant was released on bond. A preliminary hearing on these charges was held on November 28, 1978, at which time the charges were all held over for Court, appellant's bond was continued, and the trial was listed for March 1, 1979. On February 27, 1979, the Commonwealth was granted a postponement and trial was set for April 30, 1979.

On November 16, 1978, three days after the episode and the filing of the Robinson Township charges, Officer Falconer of North Fayette Township, where the chase originated, issued traffic citations for speeding, for illegal passes on the crest of a hill and at a crowded intersection, and for fleeing and eluding the police in North Fayette Township. These citations were sent to appellant through the mail, but were ignored by him until a warrant for his arrest was issued on April 26, 1979.

By a curious coincidence, on April 26, 1979, the same day that the arrest warrant was issued on the North Fayette traffic violations, appellant's counsel petitioned the Court below to postpone his trial on the Robinson Township charges. The motion was granted and trial was postponed from the previously scheduled date of April 30, to June 18, 1979.

Thereafter appellant's moves followed a predictable pattern. On May 16, 1979, he appeared before the District Justice for North Fayette Township, pleaded guilty to the charges on his North Fayette traffic citations, and paid the mandated fines.

On June 11, 1979, he filed a motion in the Court below to dismiss the Robinson Township charges on the contention that the North Fayette Township traffic citations to which he had pleaded guilty arose out of the same criminal episode as the actions covered by the Robinson Township charges, thereby placing him in double jeopardy. A hearing on this

motion to dismiss was held by the Court below on August 8, 1979, and the motion was denied the same day. This appeal followed.

■ We start with the recognition of the general rule that a prosecutor must bring in a single proceeding all known charges against a defendant arising from a single episode. This was the principle propounded in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), *addendum opinion*, 455 Pa. 622, 314 A.2d 854 (1974), and codified two months after the original *Campana* decision in the Crimes Code, 18 Pa.C.S. § 110. The Supreme Court has ruled that the result reached in *Campana* is entirely in harmony with Section 110 of our Crimes Code. *Campana, addendum opinion*, 455 Pa. at 626, 314 A.2d 854. We have previously concluded that the *Campana* decisions are fully articulated in § 110 of the Crimes Code. *Commonwealth v. Erisman*, 247 Pa.Super. 476, 477–8, 372 A.2d 925 (1977); *Commonwealth v. Green*, 232 Pa.Super. 134, 139, 335 A.2d 493, 495 (1975).

Section 110 states in pertinent portion:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

. . . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court. . . .

The rationale for the law is two-fold, to protect a criminal defendant from harassment and to conserve Court time. *Campana I*, supra, 452 Pa. 233, 251–2, 304 A.2d 432, 440; *Commonwealth v. Tarver*, 467 Pa. 401, 408, 356 A.2d 539 (1976); *Commonwealth v. Green*, supra, 232 Pa.Super. 134, 142, 335 A.2d 493, 496.

The doctrine of double jeopardy was not intended to be applicable to situations where there is a legitimate reason for a separate disposition of multiple charges. *Tarver*, supra, 467 Pa. 401, 408, 356 A.2d 539. As stated in *Campana I*, supra, 452 Pa. 233, 250, n. 37, 304 A.2d 432, 440, the rule is "subject to common sense exceptions".

■ The appellant has so plainly waived any right he may have had to invoke the defense of double jeopardy that we do not need to decide whether the chase from North Fayette Township to the Thornburg Bridge was "the same criminal episode", or whether the statute has any application to the Robinson Township charges pending in the Court below, inasmuch as they represent the initial prosecution instead of the "subsequent prosecution" to which the statute is directed. *Erisman*, supra, 247 Pa.Super. 476, 372 A.2d 925. See *Commonwealth v. Fries*, 284 Pa.Super. 421, 426 A.2d 119 (1981).

The appellant twice waived any right to claim double jeopardy. The first waiver was on April 26, 1979, when his counsel appeared before the Court below and obtained a postponement of the trial on the Robinson Township charges from April 30 to June 18, 1979. Curiously enough, this court appearance was on the same day that an arrest warrant was issued for the appellant on the North Fayette summary traffic citations, presumably because of his failure to respond to the summons issued to him five months earlier.

When the appellant appeared before the Court below on April 26 to have the trial on the Robinson Township charges deferred, he knew that the North Fayette traffic citations were outstanding. He could have moved at that time to have had these summary charges consolidated with the action in the Court below on the more serious misdemeanor offense. Pa.R.Cr.P. 101, Comment (1981). He preferred to make certain that the Robinson Township charges would not be reached for trial until he had paid his traffic fines, thereby using these relatively minor charges as a foil to shield him from having to stand trial on the more serious charge of having endangered two Robinson Township police officers.

The appellant's second waiver of any claim to double jeopardy took place on May 16, 1979, when he appeared before the District Justice having jurisdiction over the North Fayette traffic citations, pleaded guilty, and paid the fine imposed. Instead of pleading guilty, he could have moved to have these charges consolidated with the Robinson Township charges then scheduled to be tried a month later in the Court below. He preferred to remain silent, plead guilty, and pave the way for his next move.

When appellant moved on June 11, 1979 to have the Robinson Township information dismissed on the basis of double jeopardy, he was dealing with a situation of his own creation. It was his own maneuvering with the trial calendar of the Court below that made this case subsequent to his earlier guilty plea on traffic charges before the District Justice.

We cannot permit games to be played with our criminal law in this fashion. The Supreme Court has held that the principle of waiver is applicable to a claim of double jeopardy. *Commonwealth v. Holmes*, 480 Pa. 536, 541, 391 A.2d 1015, 1018 (1978). We have found the defense of double jeopardy to have been waived in several situations no more obvious than the one before us: *Commonwealth v. Stewart*, 257 Pa.Super. 334, 343–5, 390 A.2d 1264, 1269 (1978); *Erisman*, supra, 247 Pa.Super. 476, 481–2, 372 A.2d 925, 928 (concurring opinion); *Green*, supra, 232 Pa.Super. 134, 142–5, 335 A.2d 493, 497.

We said in *Green*

"It is apparent that a defendant who is aware of the charges against him can thus waive his statutory right to have them all brought in a single prosecution. If he himself requests separate trials and obtains a court order to that effect, or if he knowingly acquiesces in what appears to be an advantageous separation, he cannot later raise an objection claiming the statutory protection from multiple trials. The intent of the statute to avoid magnifying an incident of criminal behavior out of proportion,

both in terms of hardship to the individual and prejudice to his case, is not lost when an informed defendant chooses of his own to go the route of multiple trials." (232 Pa.Super. 142–3, 335 A.2d 493).

.    .    .    .    .

"In effect, defendant [here] asked for serialized prosecutions in order to gain immunity from the remaining charge. This is not according to the intent of the statute; it was intended to protect an accused, not to allow him a procedural tool for the entrapment of a cooperative judiciary." (232 Pa.Super. 143, 335 A.2d 493).

.    .    .    .    .

"Perhaps counsel saw in the extra trial some advantage for his client, an extra opportunity to be heard and maybe find a more sympathetic forum. Perhaps he merely foresaw an opportunity to gain immunity from the remaining charges by encouraging the separation. In any event, by misleading the hearing judge and the Commonwealth with his silence, and by giving the appearance of consent to the arrangement, the appellee has waived his right to claim harassment by multiple prosecutions. There can be no unjust contravention of the statute intended to protect the accused when a defendant is denied its use as a shield against a prosecution which he himself invited by his own designs." (232 Pa.Super. 145, 335 A.2d 493).

The same view point was expressed in *Erisman*, supra, 247 Pa.Super. 481–2, 372 A.2d 925, where it was stated in a concurring opinion:

"So long as two prosecutions are pending concurrently, and neither has gone beyond the stage at which joinder would be inappropriate or impermissible, the accused has an adequate remedy for his problem in seeking joinder of the offenses. If the accused does not request that the offenses be joined, it is fair to conclude that he has waived a claim that Section 110 of the Crimes Code has been violated. On the other hand, it is unfair to dismiss charges for serious offenses on the basis of presumed protections which the accused has not lifted a finger to exercise, especially since the accused is often in a better

position to know of a potential conflict with Section 110 of the Crimes Code than the Commonwealth. The relatively drastic remedy of Section 110 should only be applied when an accused has not foregone the opportunity of moving to join all offenses in one prosecution. To hold otherwise is simply to foster chicanery by defense counsel."

The foregoing comments are quite appropriate to the case before us. There is no evidence to show that the District Attorney who was in charge of the prosecution in the Court below knew anything about the existence of the North Fayette traffic citations until the appellant filed his motion to dismiss. Nor did the police officer who issued the traffic summons on the North Fayette charges have any knowledge that the Robinson Township charges were pending in the Court below. The one person who acted with full knowledge of all the facts was the appellant. It was at his request that the trial of the charges pending in the Court below were postponed until he could plead guilty to the North Fayette traffic summons. It was his decision to plead guilty and pay fines on the North Fayette charges rather than move for a consolidation of the two hearings. It is clear that he has twice waived any right to claim that the proceeding in the Court below constitutes double jeopardy in violation of Section 110 of the Crimes Code.

Affirmed.