450 A.2d 660

**COMMONWEALTH of Pennsylvania**

v.

**Robert E. BECKMAN, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 1, 1982.

Filed July 16, 1982.

Reargument Denied Sept. 29, 1982.

240

Jerry Schuchman, Glenside, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

WICKERSHAM, Judge:

On July 6, 1981 appellant, Robert E. Beckman, Jr., filed an omnibus pre-trial motion containing, *inter alia,* a motion to quash an information based on a claim that jeopardy had attached, which motion was denied.

■ Denial of a pretrial application seeking discharge on double jeopardy grounds is considered a "final order" and may thus be appealed before trial. *Commonwealth v. Fields,* 491 Pa. 609, 421 A.2d 1051 (1980).

On February 14, 1981 Robert Beckman, appellant herein, led police on a high speed chase through Upper Dublin and

Abington Townships in Montgomery County, Pennsylvania. As a result of the chase he was charged with two counts of aggravated assault, four counts of reckless endangerment, three counts of resisting arrest, misdemeanor disorderly conduct, and two misdemeanor Vehicle Code violations. Beckman was also charged with twenty-six summary offenses. All of these charges were filed in Upper Dublin Township on February 15, 1981, in the office of District Justice A. T. Maynard, the issuing authority for the magisterial district covering Upper Dublin Township who held a preliminary hearing on March 25, 1981. Beckman was represented by counsel at this hearing. At the beginning of the hearing District Justice Maynard refused to hear the ten summary charges arising out of Beckman's conduct in Abington Township, believing he had no jurisdiction to hear charges based on events occurring outside his district. Beckman made no objection to this decision. District Justice Maynard held Beckman for court on all felony and misdemeanor charges; he did not rule on the sixteen summary offenses that occurred in Upper Dublin but rather sent them to common pleas court with the other charges.

After District Justice Maynard refused to hear charges relating to events occurring in Abington Township, Officer McCreary of the Abington Township Police Department filed the ten summary charges with District Justice Frank Plummer. District Justice Plummer's district covers Abington Township. The offenses (reckless driving, speeding, driving without lights to avoid identification or arrest, fleeing a police officer, throwing liquor bottles on the highway and five violations of traffic signals) took place in Abington Township, as Beckman fled from Upper Dublin. On April 7, 1981, Beckman was tried in District Justice Plummer's court. Two police officers testified against him; he was found guilty on all ten charges. Beckman was sentenced to pay fines and costs.

When the Upper Dublin portion of the case came to trial in the Montgomery County Court of Common Pleas, Beckman moved to quash the bills of information based on an

alleged violation of the double jeopardy clause of the United States and Pennsylvania Constitutions as well as 18 Pa.C.S. § 110. After a hearing on this motion the Honorable Samuel W. Salus, II denied Beckman's motion on all save two charges. This appeal followed. Beckman was directed to file a statement of matters complained of on appeal and did so on September 16, 1981. Judge Salus wrote an opinion explaining his order denying Beckman's motion. This opinion was filed September 21, 1981.

The evidence adduced at the preliminary hearing showed that Mrs. Lee Losse was driving home from work at about 10:30 p.m. on February 14, 1981. As Mrs. Losse drove down Susquehanna Road in Upper Dublin Township, she stopped at a light where the driver of another car attracted her attention. Mrs. Losse later identified the driver as Beckman. When Mrs. Losse pulled away from the light, the other car began to push hers. In an effort to avoid the car behind her, Mrs. Losse steered toward the shoulder; as she did so the other car pushed again. Mrs. Losse's car flipped over onto its roof. Lee Losse was helped from her car by a police officer who radioed in a report of the incident.

As a result of this call, Officer McCreary of the Abington Township Police Department joined the chase of Beckman. Officer McCreary pursued Beckman on Susquehanna Road as Beckman traveled from Upper Dublin into Abington. The chase ended when Beckman crashed into a tree. Officer McCreary saw Beckman speeding, without lights, through several traffic signals. Charges were filed against Beckman the next day.

Beckman frames his first appellate issue as follows:
1. Did the lower court err by finding that appellant chose to plead guilty to certain summary offenses in one district court thus incorrectly concluding that his acts alone bifurcated the proceedings?
Brief for Appellant at 2.

In its opinion the trial court states that Beckman pled guilty to the summary offenses in Abington Township, thus necessitating dual proceedings. Beckman points out, and

the Commonwealth concedes, that he was found guilty by the Abington district justice. Beckman did not plead guilty; therefore, he did not bifurcate the proceedings against him. Even if the theory relied upon by the lower court in denying Beckman's motion to quash the information was wrong, its order may be affirmed if there is a proper basis for it. *Commonwealth v. Bartley*, 262 Pa.Super. 390, 396 A.2d 810 (1979).

Beckman's second contention in this appeal is:

2. Did the lower court err by denying appellant's motion to quash the informations based on former jeopardy inasmuch as (1) all summary as well as misdemeanor and felony offenses arose out of the same criminal episode, (2) all offenses occurred within the venues of two contiguous district courts embraced by the same common pleas court, (3) appellant was tried and found guilty of certain summary offenses by one of the contiguous district courts, but the remaining summary offenses, all misdemeanors and felonies were [preferred] to common pleas court by the adjacent district court at a time when the prosecution had knowledge of all charges pending against appellant, and (4) the prosecution failed to request consolidation of all summary, misdemeanor and felony charges?

Brief for Appellant at 2.

Beckman argues that the decision of our supreme court in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *explained, Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) and the provisions of 18 Pa.C.S. § 110 require the charges against him to be dropped. In pertinent part § 110 states:

### § 110. When prosecution barred by former prosection for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) Any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or . . . .

In its second *Campana* opinion, the supreme court stated that the holdings in both cases were embodied in this section of the Crimes Code. Accordingly, Beckman's rights are to be analyzed with reference to § 110.

█ Before § 110 becomes applicable to a particular case, all the elements set forth in the statute must be present. There must be a first prosecution which ended in an acquittal or a conviction; the second prosecution must be based upon the same conduct or arise from the same criminal episode; the offense had to be known to an appropriate prosecuting officer when the first trial began and within the jurisdiction of a single court. Here, Beckman was convicted on the Abington charges. The high speed chase, with its attendant violations of the law, was an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series and is thus a continuous criminal episode. *See, Campana* II, *supra.* The offenses were obviously known to the prosecuting officer since all charges were filed at once. Even though District Justice Maynard ruled he had no jurisdiction over the Abington charges, the charges were within the jurisdiction of a single court. *See Commonwealth v. Ryan,* 484 Pa. 602, 400 A.2d 1264 (1970) (unless specially limited, district justices have at least countywide jurisdiction).

■ The general rule established by interpretation of the *Campana* cases and § 110 is that all charges resulting from the same criminal episode should be consolidated at one trial. *Commonwealth v. Carelli,* 291 Pa.Super. 502, 436 A.2d 228 (1981); *Commonwealth v. Beatty,* 286 Pa.Super. 166, 428 A.2d 624 (1981). Beckman believes that all charges arising from his conduct on February 14, 1981 should have been tried at the same time; therefore he argues that his conviction of ten summary offense in District Justice Plummer's court precludes his trial on felony, misdemeanor and summary offenses in the court of common pleas. We note that before § 110(1) controls a case there must be a 'former prosecution' resulting in an acquital or conviction as defined in 18 Pa.C.S. § 109 and a 'subsequent prosecution' for an offense arising from the same criminal episode. This court considered the meaning of the terms 'former prosecution' and 'subsequent prosecution' in *Commonwealth v. Fries,* 284 Pa.Super. 421, 426 A.2d 119 (1981), a case factually similar to the case at bar.

In *Fries* the defendant was stopped for speeding and arrested for speeding and for driving under the influence of alcohol. The police filed a criminal information charging Fries with driving under the influence and attached a citation charging him with the summary offense of speeding. Fries attempted to plead guilty to the summary offense by paying a fine, but the fine was returned by the district justice. At trial before the court of common pleas, Fries was found guilty on the misdemeanor charge. On appeal he argued that paying the summary fine barred his subsequent prosecution on the misdemeanor charge.

Speaking through Judge Brosky, a panel of this court held there was only one prosecution. The court said:

Under 18 Pa.C.S.A. § 108(e), 'a prosecution is commenced either when an indictment is found or when a warrant or summons is issued.' Here, the facts show that the citation for the summary offense was attached to the criminal information. It was not the case, then, that appellant was issued a citation for the summary offense

on one date and subsequently issued a second citation (or, as in this case, a criminal information) on another date for an offense arising out of the same conduct. Here, both charges were lodged against appellant on the same date, March 8, 1978. Thus, there was but one prosecution brought against appellant. The prosecution for the summary offense, therefore, was not 'former' to the prosecution for the misdemeanor offense. Nor did the prosecution for the summary offense result in a conviction, since we affirm the lower court's holding that there was no conviction on the speeding charge because there was no 'plea of guilty . . . accepted by the court.' The prohibition against subsequent prosecutions contained in Section 110, therefore, does not apply here.

*Id.*, 284 Pa.Super. at 427, 426 A.2d at 121–22.

In Beckman's case all charges were brought against him at the same time. Here, as well as in *Fries,* the defendant was charged with all of his offenses on the same date. The charges against Beckman were not separated until District Justice Maynard refused to hear the Abington charges.

■ The refusal of District Justice Maynard to hear all the charges against Beckman raises a statutory exception to the general rule of § 110(1)(ii). That part of § 110 provides that all charges shall be tried together unless the court orders a separate trial. "Court" is defined as follows:

Subject to additional definitions contained in subsequent provisions of this title which are applicable to specific provisions of this part, the following words and phrases, when used in this title shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

. . . .

'Court.' Includes (when exercising criminal or quasi-criminal jurisdiction pursuant to 42 Pa.C.S. § 1515 (relating to jurisdiction and venue)) a district justice.

18 Pa.C.S. § 103.

When District Justice Maynard refused to hear some of the charges before him, he was clearly exercising criminal juris-

diction pursuant to 42 Pa.C.S. § 1515 and was a court within the meaning of § 103 and § 110 of the Crimes Code. The Commonwealth brought its charges at one time, in compliance with § 110. The bifurcation of the proceedings was due to District Justice Maynards' refusal to hear all the charges; which action brings this case within the exception to § 110's rule on compulsory joinder. Therefore, Beckman may be tried in the Montgomery County Court of Common Pleas.

Order affirmed.