552 A.2d 1167

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* William R. Bromley, Jr., Appellee.

Submitted on briefs November 9, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

Lawrence R. Wieder, Assistant Counsel, with him, Harold H. Cramer, Assistant Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

Richard W. Cleckner, Cleckner and Fearen, for appellee.

OPINION BY JUDGE MCGINLEY, January 25, 1989:

Department of Transportation, Bureau of Driver Licensing, (DOT) appeals from an order of the Court of Common Pleas of Cumberland County (trial court) which sustained William R. Bromley, Jr.'s appeal from a thirty day suspension of his driver's license. We reverse and reinstate the suspension.

By notice mailed March 7, 1988, DOT suspended Bromley's license for thirty days as a result of his third accumulation of six or more points on his driving record

pursuant to Section 1538(c) of the Vehicle Code, 75 Pa. C. S. §1538(c).[1]

At the hearing on appeal before the trial court it was established that Bromley was cited for a speeding violation on August 26, 1987. (Notes of Testimony, May 25, 1988, (N.T.) at 30.) The Court further found that Bromley consulted with his attorney on August 31, 1987, and on the advice of counsel, Bromley mailed a check in the proper amount for the fine and costs to the district justice. The envelope, which was introduced into evidence, had the correct address and zip code and was postmarked September 2, 1987. (N.T. at 31.)

Bromley maintains that the date his personal check in payment of his fine and costs was received by the district magistrate was the date he pled guilty. Bromley also introduced into evidence a statement from the station manager of the main post office in Harrisburg that the district justice would have received payment of the fine and costs by September 3 or September 4, 1987, at the latest. Therefore, Bromley contends his plea was entered no later than September 4, 1987. As a result Bromley asserts his March 7, 1988, notice of suspension was sent more than six months after his September 4, 1987, conviction and in noncompliance with Section 1551 of the

---

[1] Section 1538(c) of the Vehicle Code, 75 Pa. C. S. §1538(c) provides:

(c) *Subsequent accumulations of six points.*—When any person's record has been reduced below six points and for the third or subsequent time shows as many as six points, the department shall require the driver to attend a departmental hearing to determine whether the person's operating privilege should be suspended for a period not to exceed 30 days. Failure to attend the hearing or to comply with the requirements of the findings of the department shall result in the suspension of the operating privilege until the person has complied.

Vehicle Code, 75 Pa. C. S. §1551.[2] The trial court agreed with Bromley.

The sole issue presented for our review is the determination of the actual date of conviction for the August 26, 1987, speeding violation. DOT contends that the date of conviction is September 16, 1987, which is the date set forth on the citation and on the district justice's business receipt as the date the total fine and costs were paid.

Our scope of review of a decision by a trial court in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether erroneous conclusions of law have been made, or whether the decision demonstrates a manifest abuse of discretion. *Department of Transportation v. Viglione,* 113 Pa. Commonwealth Ct. 198, 537 A.2d 375 (1988).

In *Commonwealth v. Fries,* 284 Pa. Superior Ct. 421, 426 A.2d 119 (1981) the Court held that the acceptance by a secretary in the district magistrate's office of a defendant's check in payment for fines and costs did not amount to an acceptance by the Court of a guilty plea. In *Fries* the Court was guided by Section 109(3) of the Crimes Code, 18 Pa. C. S. §109(3) which provides in part:

> There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable

---

[2] Section 1551 of the Vehicle Code, 75 Pa. C. S. §1551 provides:
The department shall promptly notify each person whose license or permit is suspended as a result of the accumulation of points. The notification that the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. Failure of the department to give prompt notice of suspension as required by this section shall prohibit the department from suspending the license or permit of such person.

of supporting a judgment, or a *plea of guilty accepted by the court.* In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant. (Emphasis added.)

The Court reasoned there was no conviction for the speeding charge because there was no plea of guilty accepted by the Court. *Fries* at 427, 426 A.2d at 122.

In the controversy *sub judice,* the citation and the district justice's business receipt were admitted into evidence. These documents reflect that the fine and costs were paid on September 16, 1987. In accordance with *Fries* we conclude that the trial court erred. The date of conviction was the date the fine and costs were paid and the plea was accepted. Bromley's presentation of his check to the district justice was clearly an admission of guilt, but not evidence of acceptance of his plea by the district justice. The only record evidence of the acceptance of Bromley's plea is the receipt dated September 16, 1987, with the notation "paid in full." The notice of suspension was sent within six months of the date of conviction. The order of the trial court is reversed and the thirty day suspension of Bromley's driving privilege is reinstated.

## ORDER

AND NOW, January 25, 1989, the order of the Court of Common Pleas of Cumberland County is reversed and the thirty day suspension of William R. Bromley Jr.'s operating privileges is reinstated.