371 A.2d 1343

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Thomas THORNTON, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1976.

Decided March 31, 1977.

John R. Cook, Pittsburgh, with him John J. Dean, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, with him Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from appellant's conviction by a jury of involuntary manslaughter.[1] The question raised in this case is whether appellant's guilty plea to a summary offense under the Vehicle Code[2] barred his subsequent prosecution for involuntary manslaughter. The unusual facts of this case are as follows.

On May 21, 1975, Mrs. Marie Marcin was killed when appellant's car, driven by appellant's fifteen and one-half year-old sister flew off the road and landed on the porch of the Marcin home, pinning Mrs. Marcin beneath it. Officer Russell Clifford of the Wall Borough Police Department

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 2504.

2. Act of April 29, 1959, P.L. 58, § 626, 75 P.S. § 626 (1971).

arrived on the scene minutes after the accident and called for assistance. He interviewed appellant, who had been a passenger in the car when the accident occurred, and assisted in the investigation on the scene. As a result of this investigation Barbara Thornton, appellant's sister, was charged with involuntary manslaughter.

On May 22, 1975, Officer Clifford, after consulting with a county detective and an assistant district attorney, filed a citation with a local justice of the peace charging appellant with violating Section 626 of the Vehicle Code.[3] After receiving the citation in the mail, on May 27, 1975, appellant signed that portion of the citation form indicating that he pleaded guilty to the summary violation, and returned it to the squire together with a check for thirty dollars, the amount of the fine and costs.

The following day, May 28, a coroner's inquest was held concerning Mrs. Marcin's death. The facts disclosed at the inquest led to the immediate filing of a complaint for involuntary manslaughter against appellant, and he was arrested forthwith. He was ultimately tried and convicted of that crime.

Appellant maintains that, on the basis of *Commonwealth v. Campana*[4] and Section 110 of the Crimes Code, he should not have been required to stand trial on the charge of involuntary manslaughter because he had previously been convicted for an offense arising from the same conduct, i. e., his plea of guilty to Section 626 of the Vehicle Code. Al-

---

**3.** Section 626 provides:

"No person shall authorize or permit a motor vehicle or tractor owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act.

*Penalty.*—Any person violating any of the provisions of this section shall, upon summary conviction before a magistrate, be sentenced to pay a fine of twenty-five dollars ($25.00) and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days."

**4.** 452 Pa. 233, 304 A.2d 432 (1973), vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), explained 455 Pa. 622, 314 A.2d 854 (1974), cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). [Hereinafter *Campana*.]

though the initial decision in *Campana* was expressed in terms of double jeopardy, on remand from the United States Supreme Court, our Supreme Court explained that the basis for the holding in *Campana* was the supervisory power vested in our Supreme Court by our Constitution, and that *Campana* was a rule of compulsory joinder promulgated under this power. See *Commonwealth v. Tarver,* 467 Pa. 401, 357 A.2d 539 (1976). The Court also noted that *Campana* was consistent with Section 110 of the Crimes Code which had become effective after the rendition of the Court's initial decision in *Campana*. With some exceptions, both *Campana* and Section 110 prohibit successive trials for various charges arising from the same conduct or criminal episode by requiring that the charges be consolidated and tried in one proceeding. In the instant case the clauses of Section 110 which most concern us provide as follows:

"*When prosecution barred by former prosecution for different offense.*

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in Section 109 of this title (relating to prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

.        .        .        .        .

(ii) any offense based on the same conduct or arising from the same criminal episode, *if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial* and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense." [Emphasis supplied.]

Without incapacitating the criminal justice system, the purposes of this section are to protect the private citizen from harassment and oppression through repeated efforts by authorities to obtain a conviction, and to protect society's

interest in avoiding piecemeal litigation of criminal cases which drains judicial and professional resources. *Commonwealth v. Green,* 232 Pa.Super. 134, 141–42, 335 A.2d 493 (1975). Of course, Section 110 allows for circumstances where "the appropriate prosecuting officer" is unaware of one or more criminal acts which in fact were part of a criminal episode for which the defendant is being prosecuted. Hence, a second prosecution is permissible under those circumstances. We find that this exception applies in the instant case.

In *Commonwealth v. Peluso,* 240 Pa.Super. 330, 336, 361 A.2d 852, 856 (1976) we stated:

"We do not believe that *Campana* or § 110(1)(ii) of the Crimes Code requires a prosecutor to charge an accused with an offense at a time when the prosecutor only suspects the offense has been committed and has not uncovered any admissible evidence by a good faith investigation which would support a conviction for that offense."

Prior to the coroner's inquest in the instant case, the focus of the involuntary manslaughter investigation was appellant's sister, an unlicensed driver. It was during this period of time that the assistant district attorney approved Officer Clifford's request to file a citation charging appellant with the summary offense under the Vehicle Code to which he pleaded guilty. Whatever the district attorney may have suspected prior to the inquest, it was only after hearing the evidence produced at the inquest that he decided that appellant's conduct warranted criminal sanction. That being the case, at the time the citation issued, the "offense [of involuntary manslaughter] was [not] known to the appropriate prosecuting officer." [5] Crimes Code, § 110, supra. Indeed, when Officer Clifford asked the assistant district attorney

5. In court cases the district attorney is the appropriate prosecuting officer. Act of July 28, 1953, P.L. 723, art. XIV, § 1402, 16 P.S. § 4402 (1956). See also *Commonwealth ex rel. Specter v. Bauer,* 437 Pa. 37, 261 A.2d 573 (1970). However, in summary cases under the Vehicle Code a police officer is usually the appropriate prosecuting officer. See The Vehicle Code, Foreword, 75 P.S. at p. 36 (1971). See also 75 P.S. § 1201 et seq. (1971).

and the county detective about the citation, both informed him that they did not have any basis for arresting appellant for involuntary manslaughter. As Officer Clifford testified during the pretrial hearing to quash the indictment: "[A]t the coroner's inquest on the 28th I was directed at that time, *after hearing all the additional evidence,* by District Attorney Hilner to file the involuntary manslaughter charge." [Emphasis added.] Therefore, appellant's prosecution for involuntary manslaughter was not barred by the summary conviction since it falls within one of the exceptions of Section 110 of the Crimes Code.[6]

Judgment of sentence affirmed.

JACOBS, HOFFMAN and SPAETH, JJ., concur in the result.

**6.** Although the instant case falls within one of these exceptions, other cases involving summary violations of the Vehicle Code and more serious offenses of the Crimes Code may not, because an additional difficulty arises in applying the rule of *Campana* and Section 110 in such situations. The Vehicle Code, 75 P.S. § 1201, requires that a citation for a summary violation be issued within fifteen days of the occurrence of the alleged offense. Ordinarily it will be difficult in such a short time to investigate, prepare and file a criminal complaint including, as it must to assure consolidation of all charges at trial, the summary offense. This problem does not arise with summary violations under the Crimes Code, since the statute of limitations for these as well as most more serious offenses of the Crimes Code is two years.