419 A.2d 155

**COMMONWEALTH of Pennsylvania**

**v.**

**Zoe Ann BREITEGAN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed March 21, 1980.

182

John F. Pyfer, Jr., Lancaster, for appellant.

John A. Kenneff, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before PRICE, VAN der VOORT and WIEAND,* JJ.

WIEAND, Judge:

This is an appeal from an order which denied a motion to quash an information charging appellant with misdemeanors arising out of a fatal accident where the complaints on which the information was predicated had been filed after appellant had entered pleas of guilty to three summary offenses arising out of the same accident. We reverse.

On July 4, 1978, Zoe Ann Breitegan was involved in a two–car collision in the City of Lancaster. The driver of the other vehicle was killed, and Ms. Breitegan was hospitalized in critical condition. On July 19, 1978, fifteen days after the accident, Ms. Breitegan was cited for three Motor Vehicle

* Judge DONALD E. WIEAND is sitting by special designation.

Code violations[1] before District Justice John S. Alexander. Misdemeanor charges were also contemplated by investigating police, but they were delayed, after consultation with a representative of the District Attorney's office, because of Ms. Breitegan's critical condition and because of a continuing police investigation. In order to alert the magistrate to the additional charges, each citation was marked: "DO NOT DISPOSE OF–COMPANION CASE." In addition, a separate letter requested the magistrate not to dispose of the traffic citations because a misdemeanor charge was to be filed. John F. Pyfer, Jr., Esquire, was counsel for Ms. Breitegan, and his office advised the magistrate to set a date for a hearing on the summary traffic charges and posted the required cash bail. On August 10, 1978, however, Pyfer delivered to the magistrate signed guilty pleas and requested him to take the fines and costs from the cash bail previously deposited. There was a discussion between Pyfer and the magistrate about additional charges, and both were of the opinion that the guilty pleas would bar subsequent misdemeanor charges against the same defendant. The magistrate accepted the guilty pleas because he thought the police had had adequate time in which to file additional criminal complaints.

The guilty pleas were entered without knowledge thereof by the police or the District Attorney. When officials learned that the guilty pleas had been entered, complaints charging involuntary manslaughter, homicide by vehicle, and driving while under the influence of intoxicating liquor were promptly prepared and filed on August 23, 1978. Preliminary hearings were held, and the criminal actions were returned to court. A motion to quash an information containing the three misdemeanor charges was heard and denied by the court. This appeal followed.[2]

1. Driving too fast for conditions, 75 Pa.C.S. § 3361; Reckless driving, 75 Pa.C.S. § 3714; and Driving to the left of center, 75 Pa.C.S. § 3301.

2. An appeal from an order denying a motion to quash on the grounds of successive prosecutions is allowable. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

Appellant contends that the decision in *Commonwealth v. Campana*[3] and the provisions of 18 Pa.C.S. § 110 require that we reverse the trial court and quash the information charging her with misdemeanors. The decision in *Campana*, as the Supreme Court observed in its second opinion, is consistent with Section 110 of the Crimes Code, which became effective after the first *Campana* decision. *Commonwealth v. Campana*, supra, 455 Pa. at 626, 314 A.2d at 856. The pertinent provisions of Section 110 are as follows:

"§ 110. When prosecution barred by former prosecution for different offense.

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

. . . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . ."

Turning to the instant case, it is clear that all criminal charges brought in both prosecutions arose from the same criminal episode. It was the fatal accident of July 4, 1978 and the manner in which appellant operated her motor vehicle immediately prior thereto which gave rise to the traffic citations and misdemeanor charges.

It is also clear that all offenses were known to the police and the District Attorney at the time the summary offense citations were filed. The misdemeanor charges were delayed because appellant was then in critical condition in a Lancaster hospital. The continuing investigation, although a factor in the decision to delay filing the misdemeanor

3. 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *explained*, 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

complaints, failed to develop any facts not already known to the police on July 19, 1978. Compare: *Commonwealth v. Thornton*, 247 Pa.Super. 94, 371 A.2d 1343 (1977). The evidence, therefore, failed to show a need to delay the misdemeanor charges in order to acquire additional information or evidence.

Finally, it was made clear in *Campana* that both summary offenses and indictable offenses are to be deemed within the jurisdiction of a court of common pleas and are governed by 18 Pa.C.S. § 110. A majority of the Court rejected the problems anticipated by the concurring opinion, written by Mr. Justice Eagen (now Chief Justice), in the event charges of indictable offenses were to be barred by prior dispositions of summary offenses. See: *Commonwealth v. Campana*, supra, 452 Pa. at 257–59, 304 A.2d at 452.[4]

The District Attorney and the police recognized the applicability and potential effect of *Campana* and Section 110 of the Crimes Code, and for this reason they cautioned the magistrate not to dispose of the summary charges under the Vehicle Code until after the misdemeanor charges had also been filed. When, by August 10, 1978, the magistrate had received no further information about the filing of additional criminal complaints, he determined to accept appellant's pleas of guilty to the summary offenses. Section 110 and *Campana* thereupon became applicable and barred future prosecutions arising out of the same criminal episode.

4. A similar concern was voiced by Judge Cercone (now President Judge) writing for a majority of the Superior Court in *Commonwealth v. Thornton*, 247 Pa.Super. 94, 99, n.6, 371 A.2d 1343, 1345–46, n.6 (1977), where he noted that in cases involving summary violations of the Vehicle Code and more serious offenses under the Crimes Code an additional difficulty arises in applying the rule of *Campana* and Section 110: "The Vehicle Code, 75 P.S. § 1201, requires that a citation for a summary violation be issued within fifteen days of the occurrence of the alleged offense. Ordinarily it will be difficult in such a short time to investigate, prepare and file a criminal complaint including, as it must to assure consolidation of all charges at trial, the summary offense. This problem does not arise with summary violations under the Crimes Code, since the statute of limitations for these as well as most more serious offenses of the Crimes Code is two years."

The trial court concluded that the circumstances of the instant case fell within an exception established by Section 112(2) of the Crimes Code, 18 Pa.C.S. § 112(2). The section provides:

> "A prosecution is not a bar within the meaning of section 109 of this title . . . through section 111 of this title . . . under any of the following circumstances:
>
> .　　.　　.　　.　　.
>
> (2) The former prosecution was procured by the defendant without the knowledge of the appropriate prosecuting officer and with the purpose of avoiding the sentence which might otherwise be imposed.
>
> .　.　."

We are constrained to disagree that this exception is controlling. The prosecutions for summary Vehicle Code violations were not procured by appellant. On the contrary, the charges were filed by a prosecuting police officer who was acting with the knowledge and consent of the District Attorney. The exception stated in Section 112(2) "rests upon the assumption that the state is adequately protected if the proper attorney for the prosecution has notice of the proceeding." Toll, *Pennsylvania Crimes Code Annotated*, p. 55. In this case, the Commonwealth was protected because it knew and had filed the summary charges. It is apparent, therefore, that the exception of Section 112(2) can have no application to the facts of this prosecution. The citations issued to appellant allowed her to plead guilty or not guilty. When she elected to enter pleas of guilty, it cannot be said that she fraudulently procured the prosecutions for such Vehicle Code violations.

A more difficult question is whether the appellant, who entered pleas of guilty with knowledge that more serious charges were to be filed against her and with the intention of creating a bar thereto, waived the provisions of Section 110.

The purposes of this section are to avoid harassment and oppression of citizens through repeated efforts of the authorities to obtain a conviction and to protect society's interest in avoiding piecemeal, criminal litigation which drains judicial and professional resources. *Commonwealth v. Thornton*, supra, 247 Pa.Super. at 97–98, 371 A.2d at 1345; *Commonwealth v. Green*, 232 Pa.Super. 134, 141–42, 335 A.2d 493, 497 (1975). The statute was not intended to allow an accused to gain immunity from more serious charges by asking for and obtaining serialized prosecutions or by entering separate pleas of guilty to less serious offenses. "While it is undesirable, in the interests of justice, to exaggerate the criminality of a person's conduct by allowing multiple punishment for multiple offenses arising out of the same behavioral incident, it is equally undesirable to allow a diminution of the criminality of the behavior by allowing a fragmentized prosecution at the request of the accused with each offense being tried apart from the context of the total criminal behavior." *State v. Johnson*, 273 Minn. 394, 405–06, 141 N.W.2d 517, 525–26 (1966).

Thus, in *Commonwealth v. Green*, supra, 232 Pa. at 142–43, 335 A.2d at 497, this Court said: "It is apparent that a defendant *who is aware of the charges against him* can thus waive his statutory right to have them all brought in a single prosecution. If he himself requests separate trials and obtains a court order to that effect, or if he knowingly acquiesces in what appears to be an advantageous separation, he cannot later raise an objection claiming the statutory protection from multiple trials." (Emphasis added.)

Similarly, in *People v. Hartfield*, 11 Cal.App.3d 1073, 90 Cal.Rptr. 274 (1970), the California Court held that a defendant waived his right to object to multiple trials where he entered a guilty plea in a municipal court trial in order to utilize a California statute prohibiting successive prosecutions to obtain immunity from more serious charges which he knew were pending against him.

In the instant case, however, there were no other criminal charges pending against appellant when she pleaded guilty

to the summary offenses. Thus, it cannot be said that she agreed to piecemeal disposition, for she entered pleas of guilty to all charges that were then pending against her.

It is correct, as the Commonwealth observes, that appellant or her counsel knew that additional, more serious charges were contemplated by the police. The trial court also found, based on adequate evidence, that appellant and her counsel knew that the pleas of guilty would, if *Campana* and Section 110 were invoked, serve to bar additional prosecution. The fact is, however, that those charges had not been filed, and appellant could not know precisely the nature of the charges to be filed. Moreover, she could not be required to await the pleasure of the police in order to dispose of the traffic citations which were open and pending against her. She could enter pleas of guilty to those charges without waiving the protection of a rule of law intended to protect her against an effort by the authorities to obtain additional convictions based on the same behavioral episode. It would be entirely unrealistic to hold that one charged with Vehicle Code violations cannot enter pleas of guilty thereto without first ascertaining that the police do not intend to file additional charges.

The police in this case were faced with a need to file citations for summary Vehicle Code violations within fifteen days after the accident. This they did. They withheld misdemeanor charges, however, and relied upon the magistrate to prevent final disposition of the summary charges until after the more serious charges had been filed. The magistrate determined that the additional charges had been delayed too long, and in an effort to achieve prompt disposition of the summary charges, he accepted appellant's tendered pleas of guilty.[5] Under these circumstances, the tendering of guilty pleas by appellant was neither fraudulent nor a waiver of a right to assert Section 110 as a bar to additional charges arising from the same accident. The

5. We express no opinion as to whether the magistrate, under the circumstances of this case, could have refused to accept appellant's pleas of guilty to the traffic citations.

police could have and should have filed known misdemeanor charges concurrently with or immediately after the summary charges had been filed.

The order is reversed, and the information is quashed.