COMMONWEALTH of Pennsylvania

v.

**Dan Michael QUACKENBUSH, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1983.

Filed May 13, 1983.

John Stewart Davidson, Hershey, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, CIRILLO and WATKINS, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Dauphin County denying appellant's Motion to Dismiss the Information charging him with two summary motor vehicle violations and a misdemeanor charge of driving under the influence of intoxicating liquor or drugs. Dismissal is sought on the ground that appellant is being placed in double jeopardy because he had previously pled guilty before a District Justice and paid fines for traffic violations occurring in another municipality but arising out of the same episode. The Motion was denied, and we affirm that ruling.

The incident giving rise to this appeal began on the evening of May 21, 1981, when appellant was observed by Officer Briana Vernouski of the Swatara Township Police Department driving his motorcycle in a manner she regarded as reckless, passing vehicles on the right and weaving in and out of traffic. The police officer began pursuit and the motorcycle accelerated in an attempt to flee. The officer followed the cyclist into Paxtang Borough[1] where the cyclist crashed. Since the accident occurred in Paxtang, Officer Vernouski notified the Paxtang Police Department which dispatched Officer David Buckwash to the scene. The appellant was unconscious and had to be taken to Community General Osteopathic Hospital.

On the date of the incident, Officer Vernouski filed two summary citations in Swatara Township: overtaking a vehicle on the right[2] and fleeing and attempting to elude a police officer.[3]

In the interim, Officer Buckwash, who had accompanied the appellant to the hospital, obtained a consent from the appellant for a blood alcohol content test. The sample revealed a blood alcohol content of .21 percent. The police

1. Paxtang Borough is a separate political entity but is contiguous to Swatara Township.

2. Act of June 17, 1976, P.L. 162, No. 81, § 1; 75 Pa.C.S.A. § 3304.

3. *Id.;* § 3733.

officer specifically advised the appellant he would be charged with driving a motor vehicle under the influence of liquor or drugs [4] and various summary offenses by Paxtang Borough but he did not name the offenses, as he wanted to check with Officer Vernouski as to which charges she would be filing. Later, when the appellant was released from the hospital, Officer Buckwash, who was in uniform and in a marked Paxtang Borough police cruiser, accompanied the appellant to his place of business and discussed the charges again with him, indicating that he should expect to receive charges from Paxtang Borough in addition to those filed by Swatara Township. The officer gave the appellant one of his identification cards in case he had any questions.

The Swatara Township charges were filed on May 21, 1981, but the citations were not issued from the District Justice until May 26, 1981. The Paxtang Borough Police Department received the blood alcohol content test results on June 7, 1981 and, on the same date, filed the charge of driving under the influence of liquor or drugs as well as traveling in the wrong direction on a one-way street,[5] driving while operating privileges are suspended,[6] and operating a motorcycle without a classified license.[7] The Paxtang Borough citations issued from the District Justice on June 9, 1981.

On June 10, 1981, the appellant appeared before the District Justice and pled guilty to the Swatara Township charges and paid the appropriate fines. At a second hearing before the District Justice on July 16, 1981 on the charges submitted by Paxtang Borough, the citation alleging a violation of 75 Pa.C.S.A. § 3308(b) was dismissed because it had been issued more than fifteen days after the date of the alleged offense and was barred by the applicable

4. *Id.;* § 3731.

5. Act of June 17, 1976, P.L. 162, No. 81, § 1; 75 Pa.C.S.A. § 3308(b).

6. *Id.;* § 1543(a).

7. *Id.;* § 1504(a).

statute of limitations.[8] The appellant brought a Motion to Quash the Information for the remaining Paxtang Borough charges on the ground that the prosecution was barred under Section 110 of the Pennsylvania Crimes Code.[9] The cases were then bound over to the Court of Common Pleas of Dauphin County. Appellant's Motion to Quash the Information was denied, and this appeal followed.[10]

Appellant asserts on appeal that the decision in *Commonwealth v. Campana*[11] and the provisions of Section 110 of the Crimes Code require that we reverse the trial court and quash the information charging him with the misdemeanor and the two summary offenses filed by Paxtang Borough. Appellant contends, more specifically, that since he previously pled guilty to the summary motor vehicle violations filed by Swatara Township and all charges arose out of the same criminal episode, the provisions of Section 110 of the Crimes Code bar prosecution for the subsequent Paxtang Borough charges.

The decision in *Campana*, as the Supreme Court observed in its second opinion, is consistent with Section 110

**8.** Act of April 28, 1978, P.L. 202, No. 53, § 10(65), as amended by Act of October 5, 1980, P.L. 693, No. 142 § 501(a); 42 Pa.C.S.A. § 5553(b). This section provides:

> **(b) Minor offenses.**—Except as provided in subsection (c), proceedings for summary offenses under the following provisions of Title 75 must be commenced within 15 days after the commission of the alleged offense or the identity of the offender, whichever is later, and not thereafter:
> Chapter 31 (relating to general provisions).
> Chapter 33 (relating to rules of the road in general).
> Chapter 35 (relating to special vehicles and pedestrians).
> Subchapters A (relating to offenses in general) and C (relating to accidents and accident reports) of Chapter 37.

**9.** Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 110 (1973) (hereinafter cited as Section 110 of the Crimes Code).

**10.** An appeal from an order denying a motion to quash on the grounds of successive prosecutions is allowable. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

**11.** 452 Pa. 233, 304 A.2d 432 (1973), vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), explained, 455 Pa. 622, 314 A.2d 854 (1974), cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

of the Crimes Code, which became effective after the first *Campana* decision. *Commonwealth v. Campana*, 455 Pa. at 626, 314 A.2d at 856 (1974). The pertinent provisions of Section 110 are as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;

. . .

As to the claim that prosecution for the misdemeanor charge of driving while under the influence of drugs or alcohol is barred under Section 110, the Pennsylvania Supreme Court recently held in *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983), that *Campana* and Section 110 do not apply in a situation where a defendant pleads guilty to summary motor vehicle charges, pays the fines and costs assessed and attempts to invoke Section 110 to bar prosecution of a pending misdemeanor charge, arising out of the same criminal episode. The Court stated that,

The stipulated facts that (1) the charges arose from the same incident and (2) the prosecution knew of both violations at the commencement of the first proceeding satisfies only a portion of subsection (ii). We may not ignore the clause of that subsection which provides "and was in the jurisdiction of a single court...." A summary

charge ... under the Motor Vehicle Code in this Commonwealth is a matter within the original jurisdiction of the district justice.... The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of government harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the district justices for disposition....[12]

500 Pa. at 290, 455 A.2d at 1197–1198.

■ Based on the holding in *Beatty*, appellant's contention that *Campana* and Section 110 bar his prosecution for the misdemeanor charge of driving under the influence of drugs or alcohol is clearly without merit. The summary motor vehicle offenses filed by Swatara Township were within the original jurisdiction of the District Justice while the misdemeanor charge filed by the Paxtang Borough Police Department was within the original jurisdiction of the Court of Common Pleas. As such, Section 110 is clearly inapplicable to bar prosecution for the misdemeanor charge under double jeopardy principles.

We turn now to the summary motor vehicle charges filed by Paxtang Borough. It is clear that under the language of Section 110, the guilty pleas entered by the appellant to the motor vehicle violations of overtaking and passing another vehicle on the right, 75 Pa.C.S.A. § 3304, and fleeing or attempting to elude a police officer in pursuit, 75 Pa.C.S.A. § 3733, constituted former prosecutions.[13] It is also clear

12. The Court in *Beatty* noted that 42 Pa.C.S.A. § 931(b) appears to recognize concurrent jurisdiction in such cases of the Court of Common Pleas and the District Justices. However, the Court afforded more weight to the division of labor in our court system and indicated that the role of the Court of Common Pleas in the disposition of motor vehicle charges is as a reviewing tribunal and not as a court of original jurisdiction. 500 Pa. at 290 n. 3, 455 A.2d at 1198 n. 3.

13. In *Beatty*, the Supreme Court indicated that the time of filing of charges, previously considered by our Court to be a factor in the disposition of claims under Section 110, *see Commonwealth v. Eris-*

that these charges and the summary motor vehicle charges of driving while operating privileges are suspended, 75 Pa.C.S.A. § 1543(a), and operating a motorcycle without a classified license, 75 Pa.C.S.A. § 1504(a), all arose out of the same criminal episode. It was the manner in which appellant operated his motor vehicle on the night of May 21, 1981, which gave rise to all of the traffic citations.

Furthermore, it is clear that all offenses were known to the appropriate prosecuting officer at the time appellant entered his guilty plea on June 10, 1981. In this regard, Paxtang Borough Officer Buckwash testified that he advised the appellant on the evening of the incident that he would receive a charge of driving under the influence and numerous other charges.

Additionally, charges filed under the Motor Vehicle Code in this Commonwealth are within the original jurisdiction of the District Justice, Act of July 9, 1976, P.L. 586, No. 142, § 2 *as amended* 42 Pa.C.S.A. § 1515(a)(1); *Commonwealth v. Beatty, supra.*[14]

In light of this, it is undisputed that Section 110 of the Crimes Code applies to the summary motor vehicle charges in the instant case. Appellee contends, however, that the appellant, by pleading guilty on July 10, 1981 to the summary offenses filed by Swatara Township, knowing that additional charges were to be filed against him by Paxtang Borough, waived his right to invoke Section 110 of the Crimes Code. Appellant asserts, however, that since he had not received notification of the Paxtang Borough charges prior to the hearing on the Swatara Township violations, he

*man,* 247 Pa.Super. 476, 372 A.2d 925 (1977), is not a factor to be considered when reviewing such cases. The Court stated,

> We find no justification for defining the terms "former prosecution": and "subsequent prosecution" as used in Section 110(1)(ii) in relationship with the time the particular offenses were *filed.* To the contrary, . . . , the terms "former prosecution" and "subsequent prosecution" in the context used were obviously intended to refer to the *completed* prosecution and the *pending* prosecution.

500 Pa. at 289, 455 A.2d at 1197. (Emphasis in original).

**14.** The same District Justice had jurisdiction over all of the summary vehicle charges filed against the appellant.

did not possess the requisite knowledge to constitute a waiver of Section 110.

The courts of this Commonwealth have repeatedly stated that the purpose of Section 110 of the Crimes Code is to avoid harassment and oppression of a citizen through repeated efforts by the authorities to obtain a conviction, and to protect societal interests against piecemeal litigation, which drains judicial and professional resources. *Commonwealth v. Beatty, supra* 500 Pa. at 289–90, 455 A.2d at 1197; *Commonwealth v. Breitegan,* 276 Pa.Super. 181, 187, 419 A.2d 155, 158 (1980); *Commonwealth v. Green,* 232 Pa.Super. 134, 141–42, 335 A.2d 493, 497 (1975). The statute was not intended to allow an accused to gain immunity by entering separate pleas of guilty to several of the charged offenses thereby affording defendant a procedural expedient to avoid a prosecution. *See Commonwealth v. Breitegan, supra; Commonwealth v. Bartley,* 262 Pa.Super. 390, 396, 396 A.2d 810, 813 (1979).

Thus, in *Commonwealth v. Green,* 232 Pa.Super. at 142–43, 335 A.2d at 497, this Court stated that, "It is apparent that a defendant *who is aware of the charges against him* can thus waive his statutory right to have them all brought in a single prosecution. If he himself requests separate trials and obtains a court order to that effect, or if he knowingly acquiesces in what appears to be an advantageous separation, he cannot later raise an objection claiming the statutory protection from multiple trials." (Emphasis added).

In the case of *Commonwealth v. Carelli,* 291 Pa.Super. 502, 436 A.2d 228 (1981), a somewhat similar fact situation to the present case was at issue. The defendant Carelli was charged with the misdemeanor of recklessly endangering another person and traffic violations arising out of the same episode in two separate adjoining townships of Allegheny County. Each township police department filed different

charges separately and at different times. The defendant appeared before the District Justice, pled guilty, and paid the fines for the traffic charges in one township. Prior to entering this guilty plea, counsel for defendant was granted a motion to postpone the trial on the charges brought by the second township. After the first hearing, the defendant Carelli moved to dismiss the misdemeanor and certain other traffic charges in the second township contending he was being placed in double jeopardy, thereby violating Section 110 of the Crimes Code. The Superior Court held the defendant knew of the charges pending in the other township, and he should have moved to have them consolidated. His grounds for dismissal of the second township charges arose from a situation of his own creation and maneuvering.[15]

Similarly, in *Commonwealth v. Breitegan, supra,* the defendant was charged with certain Vehicle Code violations and was told further that more serious charges would be filed against her. She disposed of the summary violations by entering pleas of guilty and then raised Section 110 of the Crimes Code on a motion to quash the charges that were filed after her disposition of the Vehicle Code violations. While the Superior Court allowed the information to be quashed, its reasoning for so doing was that "appellant and her counsel knew that the pleas of guilty would, if *Campana* and Section 110 were invoked, serve to bar additional prosecution. The fact is, however, that those charges had not been filed, and appellant could not know precisely the nature of the charges to be filed." 276 Pa.Super. at 189, 419 A.2d at 159.

In the present matter, appellant was fully aware of all charges filed against him in both townships. The Pax-

---

**15.** This Court stated that,

> The doctrine of double jeopardy was not intended to be applicable to situations where there is a legitimate reason for a separate disposition of multiple charges.

291 Pa.Super. at 505, 436 A.2d at 230. (citations omitted).

tang Borough police officer informed the appellant of all forthcoming charges on the night of the incident in question and the Paxtang Borough charges were filed and therefore pending prior to appellant's disposition of the earlier charges. Appellant did not move for their consolidation into a single prosecution. Rather, he acquiesced in what appeared to be an advantageous separation of prosecutions, thereby waiving his statutory right to have the charges brought in a single prosecution. There was no harassment of the appellant. The charges were filed separately and at different times because of the involvement of two municipalities and because of the period of time required for performing the blood alcohol content test, not because of delayed or irresponsible treatment of the situation.

If the appellant were permitted to utilize Section 110 here, it would constitute the contravention of a statute intended to protect a defendant from the harassment of piecemeal litigation stemming from untimely and lackadaisical law enforcement. Such is not the situation in the present case.[16]

Order affirmed.

**16.** In addition, appellee contends that should the court find that appellant did not waive Section 110, this case falls within an exception contained within Section 110 which provides that the former prosecution is not a bar to a subsequent prosecution in the event that,

> The offense of which the Defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; ....

18 Pa.C.S.A. § 110(1)(iii)(A).

In light of our holding herein, we do not find it necessary to address this issue.