653 A.2d 40

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**John Anthony CICCONI, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1994.

Filed Jan. 25, 1995.

───────

1. By affirming, we express no opinion on the constitutional issues which formed the basis for the trial court's decision.

82

John F. Cowley, Asst. Dist. Atty., Wellsboro, for Com., appellant.

Robert W. Kuhl, Public Defender, Lawrenceville, for appellee.

Before CAVANAUGH, POPOVICH and SAYLOR, JJ.

POPOVICH, Judge:

This case involves an appeal by the Commonwealth from the order of the Court of Common Pleas of Tioga County granting the appellee/John Anthony Cicconi's Motion to Quash and Dismiss Criminal Information at No. 427 of 1993. We reverse.

The facts of record are not in dispute and reveal that at approximately 3:30 a.m. on the 14th day of September, 1993, the appellee entered the home of his cousin, Lisa Siebel, and sexually assaulted her. The incident was reported to the Pennsylvania State Police who, after questioning the victim and the appellee, lodged Criminal Information No. 427 of 1993 charging the appellee with rape, involuntary deviate sexual intercourse, aggravated indecent assault and indecent assault.

Trial by jury commenced on January 27, 1993, with the victim recounting the events surrounding the assault. Prior to completion of the trial, the appellee entered a plea of nolo contendere to aggravated indecent assault. However, before sentencing, the appellee was granted a motion to withdraw his plea on February 22, 1994. More specifically, at the February 22nd hearing, the Commonwealth did not oppose the motion to withdraw, but it did make an oral motion seeking to amend the criminal information to add an additional charge of burglary. It was the Commonwealth's position that: "As a result of the testimony that came to light at the trial, specifically from

the [victim's mother], and in consultation with the Trooper [who investigated the case and questioned both victim and appellee], it came to light that there appear[ed] to be the basis for the filing of a Burglary charge." N.T. 2/22/94 at 4.

Appellee's counsel objected to the proposed amendment on the basis of Pa.R.Crim.P. 229, which prohibits joinder where a different and additional offense is charged. As a further basis for counsel's objection to joinder, he argued:

"It basically robs my client of the chance for preliminary hearing on that charge and other procedural safeguards. So we would resist the motion. That has nothing to do with whether it[—burglary—]should be joined with these [charges at Criminal Information at No. 427 of 1993] or not."

Id. at 5. The court denied the Commonwealth's motion to amend. The Commonwealth then filed a new Criminal Information at No. 150 of 1994 charging the appellee with a burglary arising out of the same incident prompting the filing of Criminal Information at No. 427 of 1993.

On the date the appellee was arraigned on the burglary charge, he entered a plea of guilty and was sentenced 12 to 36 months in prison. Thereafter, on April 12, 1994, the appellee filed a motion to quash and dismiss Criminal Information at No. 427 of 1993 for the Commonwealth's failure to join the charges thereunder with the burglary offense at Criminal Information at No. 150 of 1994. The latter had been disposed of by a guilty plea.

To permit prosecution of the crimes set forth in Criminal Information at No. 427 of 1993, argued the appellee, would be violative of 18 Pa.C.S.A. § 110's requirement of joinder of cases where the charges filed arise from the same criminal episode. The court agreed and found that all charges (at Nos. 427 and 150) arose from a single incident and "was known or knowable at the time of the commencement of the first trial". This precluded the Commonwealth from prosecuting the appellee under Criminal Information at No. 427 of 1993, especially given the appellee's plea to burglary (at No. 150 of 1994)

prior to consolidation efforts by the prosecution. This timely appeal followed by the Commonwealth and questions whether the court below erred in granting the appellee's Motion to Quash and Dismiss the Criminal Information at No. 427 of 1993 on the basis of a violation of 18 Pa.C.S.A. § 110.

The relevant portion of the statutory provision reads as follows:

§ 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\* \* \* \* \* \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecution office at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense.

18 Pa.C.S.A. § 110(1)(ii).

"Section 110 of the Crimes Code requires the Commonwealth to consolidate in a single proceeding all known charges based on the same conduct or arising from the same criminal episode unless the court orders separate trials." *Commonwealth v. Webster*, 323 Pa.Super. 164, 470 A.2d 532, 537 (1983). This rule of compulsory joinder is " 'intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to ensure finality without unduly burdening the judicial process by repetitious litigation.' " *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015, 1017 (1978),

quoting *Commonwealth v. Tarver*, 467 Pa. 401, 357 A.2d 539, 542 (1976).

■ No one disputes that the charges set forth in Criminal Information at Nos. 427 of 1993 and 150 of 1994 arose out of a single incident. Rather, it is the Commonwealth's contention that the appellee waived his right to consolidate under Section 110 when he objected to the amendment of Criminal Information at No. 427 of 1993 to add burglary, or he pleaded guilty to Criminal Information at No. 150 of 1994 (burglary) knowing that the charges listed in Criminal Information at No. 427 of 1993 had yet to be resolved.

On the other hand, the court below and appellee are of the mind that, because the Commonwealth was aware of the burglary by the first trial (regarding Criminal Information at No. 427 of 1993), the failure to seek consolidation of the two Criminal Informations prior to the plea on the burglary charge was fatal and violative of Section 110.

■ The protection afforded by Section 110 against successive trials or governmental harassment is neutralized if the defendant requests separate trials and obtains a court order to that effect, or if he knowingly acquiesces in what appears to be an advantageous separation. Where such occurs, the defendant cannot later raise an objection claiming the statutory protection from multiple trials. *Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493, 497 (1975); see also *Commonwealth v. Wallace*, 411 Pa.Super. 576, 602 A.2d 345, 349 (1992).

The type of "acquiescence" mentioned in *Green* sufficient to waive one's Section 110 rights to consolidation is reflected in *Commonwealth v. Carelli*, 291 Pa.Super. 502, 436 A.2d 228 (1981), wherein the defendant claimed that he was placed in double jeopardy by having to defend against several traffic violations after pleading guilty to other traffic violations occurring in another municipality but arising out of the same criminal episode. We found that the appellant had twice waived his right to claim double jeopardy by failing to seek consolidation of the charges brought by the two municipalities. More specifically, the defendant deferred the traffic violations

in the first municipality and later pleaded guilty in the second municipality without having all the charges consolidated. This type of maneuvering was condemned by this Court as gamesmanship by the defendant. In doing so, this Court quoted language germane to this case; to-wit:

"So long as two prosecutions are pending concurrently, and neither has gone beyond the stage at which joinder would be inappropriate or impermissible, the accused has an adequate remedy for his problem in seeking joinder of the offenses. If the accused does not request that the offenses be joined, it is fair to conclude that he has waived a claim that Section 110 of the Crimes Code has been violated. On the other hand, it is unfair to dismiss charges for serious offenses on the basis of presumed protections which the accused has not lifted a finger to exercise, especially since the accused is often in a better position to know of a potential conflict with Section 110 of the Crimes Code than the Commonwealth. The relatively drastic remedy of Section 110 should only be applied when an accused has not foregone the opportunity of moving to join all offenses in one prosecution. To hold otherwise is simply to foster chicanery by defense counsel."

291 Pa.Super. at 508–9, 436 A.2d at 232, quoting *Commonwealth v. Erisman*, 247 Pa.Super. 476, 481–2, 372 A.2d 925 (1977). See also *Commonwealth v. Tarver*, supra, at 467 Pa. 401, 357 A.2d 539; *Commonwealth v. Quackenbush*, 314 Pa.Super. 324, 460 A.2d 1162 (1983); *Commonwealth v. Bartley*, 262 Pa.Super. 390, 396 A.2d 810, 813 (1979), and contrast *Commonwealth v. Breitegan*, 276 Pa.Super. 181, 187, 419 A.2d 155, 158 (1980).

Instantly, the appellee *opposed* the appellant's attempt to amend Criminal Information at No. 427 of 1993, which would have included burglary and caused *all* charges to be disposed of at one trial. Next, after the appellant filed a separate Criminal Information at No. 150 of 1994 for burglary, the appellee pleads guilty to Criminal Information at No. 150 of 1994, all the while cognizant of the existence of the charges under Criminal Information at No. 427 of 1993, and that both informations dealt with crimes arising out of a single incident.

The appellee, as well as the appellant, could have moved to consolidate the two criminal informations. See *Commonwealth v. Quackenbush,* supra, 314 Pa.Super. 324, 460 A.2d 1162; *Commonwealth v. Carelli,* supra, 291 Pa.Super. 502, 436 A.2d 228; *Commonwealth v. Green,* supra, 232 Pa.Super. 134, 335 A.2d 493. However, the appellee did nothing to avoid the filing of separate criminal informations. On the contrary, the appellee objected when efforts were made by the Commonwealth to amend the initial criminal information, and, then, pleaded guilty to the charge (burglary) which was the object of the amendment effort by the Commonwealth. We read such conduct by the appellee, albeit not an outward request for separate trials (because the Commonwealth had not filed and the appellee had not objected to a formal consolidation motion), as a knowing acquiescence in what appears to be an advantageous separation by resisting the amendment of Criminal Information at No. 427 of 1993, followed by a plea of guilty to the offense opposed for amendment by the appellee.[1] The appellee's stated reasons for objecting to the Commonwealth's effort to amend Criminal Information at No. 427 of 1993, so as to include burglary, consisted of the benefits believed flowing from a "preliminary hearing on that charge and other procedural safeguards." N.T. 2/22/94 at 5. Yet, at the arraignment stage of the case for burglary the appellee pleaded guilty.

We believe that such procedural maneuvering was motivated by a desire to escape prosecution for rape, involuntary

1. Section 1.3(d) of the ABA Standards Relating to Joinder and Severance provides:

    (d) Entry of a plea of guilty or nolo contendere to one offense does not bar the subsequent prosecution of a related offense. A defendant may enter a plea of guilty or nolo contendere on the basis of a plea agreement in which the prosecuting attorney agreed to seek or not to oppose dismissal of other related charges or not to prosecute other potential related charges.

ABA Standards Relating to Joinder and Severance, § 1.3(d) (Approved Draft 1968).

    The commentary to this section of the ABA Standards provides that if the defendant pleads guilty or nolo contendere to one charge, he has "severed the offenses—as far as their disposition is concerned—and is in no position to complain about a subsequent trial of a related offense." ABA Standards Relating to Joinder and Severance, § 1.3(d) (Commentary), cited in *Commonwealth v. Bartley,* 262 Pa.Super. 390, 396 A.2d 810, 813 n. 8 (1979).

deviate sexual intercourse, aggravated indecent assault and indecent assault via Criminal Information at No. 427 of 1993, which is not the type of protection intended by Section 110. Accordingly, because Section 110 is intended to prevent harassment by the prosecution, our finding that no harassment was perpetrated by the Commonwealth undermines the trial court's grant of the appellee's Motion to Quash and Dismiss Criminal Information at No. 427 of 1993. To do otherwise would be to sanction the defendant's procedural expedient to avoid prosecution. This we will not do.

Order reversed.