J-A19038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GARY GARNETT JORDAN | : | |
| | : | |
| Appellant | : | No. 1392 EDA 2015 |

Appeal from the Order April 13, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014422-2014

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 24, 2021**

In this matter on remand from our Supreme Court, Appellant, Gary Garnett Jordan, appeals from the order of the Court of Common Pleas of Philadelphia County denying his motion to dismiss driving under the influence ("DUI")[1] charges.  We reverse the order denying Appellant's motion to dismiss and remand for further proceedings consistent with this memorandum.

On November 28, 2013, Appellant was arrested during a traffic stop in the City of Philadelphia and charged with DUI, a misdemeanor, and the summary offense of careless driving.[2]  On January 30, 2014, Appellant entered a guilty plea in the Traffic Division of Philadelphia Municipal Court to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802.

[2] 75 Pa.C.S. § 3714.

disregarding a traffic device[3] relating to the November 28, 2013 incident. The DUI charge was then listed for trial in the General Division of Philadelphia Municipal Court. On October 1, 2014, Appellant was found guilty of two counts of DUI following trial.

Following his DUI conviction in Municipal Court, Appellant filed a timely demand for trial *de novo* in the Court of Common Pleas. Appellant thereafter filed in the Court of Common Pleas a motion to dismiss the DUI charges pursuant to Section 110 of the Crimes Code, 18 Pa.C.S. § 110, which is commonly known as the compulsory joinder rule. On April 13, 2015, the Court of Common Pleas denied the motion. Appellant filed a timely notice of appeal from this order.

On July 18, 2016, this Court issued a memorandum decision affirming the order denying Appellant's motion to dismiss and rejecting his argument that the compulsory joinder rule barred his DUI retrial in the Court of Common Pleas following his summary traffic offense conviction. **See Commonwealth v. Jordan**, No. 1392 EDA 2015, unpublished memorandum at 6 (Pa. Super. filed July 18, 2016) (withdrawn). Appellant thereafter petitioned this Court for *en banc* reargument, and *en banc* certification was granted on August 30, 2016. On December 12, 2017, an *en banc* panel of this Court issued a memorandum decision remanding to the Court of Common Pleas for a determination of whether the lower court's April 13, 2015 order was

---

[3] 75 Pa.C.S. § 3111(a).

appealable as a collateral order. *See Commonwealth v. Jordan*, No. 1392 EDA 2015, unpublished memorandum at 3-4 (Pa. Super. filed December 12, 2017) (*en banc*) (vacated).[4]

Appellant thereafter filed a petition for allowance of appeal in our Supreme Court from the *en banc* panel's December 12, 2017 decision. On June 17, 2019, the Supreme Court issued a *per curiam* order granting the petition for allowance of appeal, vacating this Court's order, and remanding to this Court for proceedings consistent with the Supreme Court's decision in *Commonwealth v. Perfetto*, 207 A.3d 812 (Pa. 2019). *See Commonwealth v. Jordan*, 215 A.3d 2 (Pa. 2019) (*per curiam*). Following remand and upon further briefing of the parties, this matter is presently before this panel for disposition.[5]

---

[4] Relying on *Commonwealth v. Diggs*, 172 A.3d 661 (Pa. Super. 2017), *vacated and remanded by* 217 A.3d 183 (Pa. 2019), the *en banc* panel concluded that Pennsylvania Rule of Criminal Procedure 587(B) required a finding that the order denying Appellant's motion to dismiss was non-frivolous as a necessary prerequisite to this Court's immediate review of the order as a collateral order. However, the *Diggs* decision was also subsequently vacated by our Supreme Court and remanded pursuant to *Perfetto*. In light of our Supreme Court's vacation of our *en banc* Court's prior order and remand of this matter to this Court directing that we should reconsider the merits in light of *Perfetto*, we conclude that there is no procedural impediment to our review of Appellant's appeal from the April 13, 2015 order.

[5] On August 6, 2019, this Court issued a rule to show cause as to why this matter should not be remanded to the Court of Common Pleas for the resolution of this matter. Following the responses of the parties to the rule to show cause, this Court issued a *per curiam* order on March 25, 2021 removing this matter from *en banc* consideration and directing that the Prothonotary list this matter before a three-judge panel and establish a new briefing schedule.

In his remand brief, Appellant presents the following issue for our review:

> Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 where [A]ppellant had previously been convicted of an offense which arose from the same criminal episode as the offense in the instant case?

Appellant's Brief at 3. Our standard of review of a motion to dismiss on the basis of the compulsory joinder rule is *de novo*, and our scope of review is plenary. ***Commonwealth v. Pammer***, 232 A.3d 931, 933 (Pa. Super. 2020).

Appellant argues that this matter is directly controlled by the Supreme Court's decision in ***Perfetto***, which held that the Commonwealth was precluded under the compulsory joinder rule from prosecuting the defendant on DUI charges after he had already been convicted of summary traffic offenses in the Traffic Division of Philadelphia Municipal Court. 207 A.3d at 822-24. Appellant asserts that, just as in ***Perfetto***, each of the criteria for the application of the compulsory joinder rule are met here, as the summary traffic citation resulted in Appellant's conviction of disregarding a traffic device; the prosecutor was aware of the DUI proceeding at the time that Appellant pleaded guilty in the Traffic Division; and the instant DUI prosecution arose from the same criminal episode and in the same jurisdiction as the summary proceeding. Therefore, Appellant contends that the compulsory joinder rule mandates that this Court reverse the Court of Common Pleas order denying Appellant's motion to dismiss the DUI charges against him.

- 4 -

In its responsive brief, the Commonwealth does not contest the application of *Perfetto* to the present case, but instead asserts that Appellant has waived his compulsory joinder rule challenge to the DUI charges rule based upon his failure to raise such an objection prior to his October 1, 2014 trial in Municipal Court. The Commonwealth contends that, while Appellant demanded a trial *de novo* in the Court of Common Pleas following his Municipal Court conviction, a trial *de novo* is limited to a determination of guilt or innocence only and does not allow for the relitigation of pre-trial matters that could have been raised in the Municipal Court. The Commonwealth argues that when Appellant proceeded to trial on the DUI charges in Municipal Court after his earlier summary guilty plea, he acquiesced to this subsequent prosecution related to the same incident and he could not later invoke the compulsory joinder rule in an effort to bar that prosecution. The Commonwealth notes that in this respect, the present matter is distinguishable from *Perfetto* as in that case the defendant filed his motion to dismiss after the preliminary hearing and prior to trial on the DUI charges. 207 A.3d at 815.

We first address the Commonwealth's argument that Appellant has waived his objection to the DUI prosecution based upon his failure to raise the issue prior to his Municipal Court trial. Generally, to preserve an issue for appellate review, a party must "object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process," and the failure to raise the issue at the appropriate stage will result in waiver. ***In the Interest***

*of L.V.*, 209 A.3d 399, 418 (Pa. Super. 2019) (citation omitted); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). It is well-established that "claims going to the compulsory joinder rule are waivable." *Commonwealth v. Dawson*, 87 A.3d 825, 827 (Pa. Super. 2014). Courts of this Commonwealth have found waiver of an argument premised on the compulsory joinder rule in such circumstances as where the defendant filed a motion to sever the charges, the defendant opposed a motion to consolidate charges, and the defendant opposed the amendment of the information to include additional charges.[6]

However, as our Supreme Court stated in *Commonwealth v. Failor*, 770 A.2d 310 (Pa. 2001), a finding of waiver is disfavored "unless the defendant has taken some sort of affirmative action to separate the prosecutions pending against him." *Id.* at 314. The Court further explained that the rule restricting waiver of compulsory joinder claims to cases where the defendant took affirmative action rests upon "the sound policies behind

_____

[6] *See Commonwealth v. Tarver*, 357 A.2d 539, 543 (Pa. 1976) (defendant who pleaded guilty to one charge and demanded a separate jury trial on another charge could not invoke the compulsory joinder rule to challenge separate prosecutions); *Dawson*, 87 A.3d at 829 (defendant who successfully sought the severance of certain charges that proceeded to a jury trial was barred from later claiming under the compulsory joinder rule that all charges should have been brought at one trial); *Commonwealth v. Cicconi*, 653 A.2d 40, 43-44 (Pa. Super 1995) (defendant who opposed amendment of information to include burglary charge and then pleaded guilty to burglary when filed at a separate docket number could not invoke the compulsory joinder rule in an attempt to bar trial on the initial charges).

Section 110," including protecting defendants from piecemeal litigation and the conservation of judicial resources. *Id.* Therefore, "the burden to consolidate charges rests solely with the prosecution," and a defendant's acquiescence to consolidation does not lead by itself to waiver. *Id.* at 314-15. "Mere silence by the defendant is insufficient to find that a defendant has affirmatively acted to block consolidation and therefore, waived a claim under Section 110." *Id.* at 315.

In *Failor*, the Court addressed two consolidated appeals arising out of Cumberland County where the two defendants, Failor and Blosser, were each cited by officers for speeding and driving under a suspended license ("DUS"). *Id.* at 312. Failor and Blosser each pleaded guilty to speeding before a magisterial district judge and subsequently appeared before the same district judge in a separate proceeding where they were convicted of DUS. *Id.* Failor and Blosser then both sought trial *de novo* of their DUS convictions in the Court of Common Pleas of Cumberland County and filed motions to dismiss the DUS charges in that court based upon Section 110. *Id.* at 312 & n.4; *see also Commonwealth v. Failor*, 734 A.2d 400, 401 (Pa. Super. 1999), *rev'd* 770 A.2d 310 (Pa. 2001) (stating that both Failor and Blosser appealed their DUS convictions to the Court of Common Pleas seeking a trial *de novo* of those charges). The Court of Common Pleas found that Failor and Blosser had waived their right to challenge their prosecution on the DUS charges as they had not raised the issue at the time of the resolution of the speeding citations. *Failor*, 770 A.2d at 312-13.

On appeal, the Supreme Court concluded that Failor and Blosser had not waived their compulsory joinder objection as they had not taken any affirmative action to either separate the proceedings or to oppose consolidation. *Id.* at 315. Rather, as the Court observed, it was the Commonwealth which had decided to separately prosecute the speeding and DUS charges. *Id.* The "[m]ere silence" of Failor and Blosser in response to the successive trials did not lead to the waiver of their right to bring a challenge under Section 110 in the Court of Common Pleas. *Id.*

The present case is nearly identical to **Failor**. Like **Failor**, Appellant's summary traffic and DUI charges were resolved in separate trials,[7] and Appellant raised his Section 110 objection only after requesting a trial *de novo* in the Court of Common Pleas on his second conviction. As in **Failor**, Appellant did not take any "affirmative action" to either block the consolidation of the summary traffic and DUI charges in one proceeding or to separate the cases into individual trials. *Id.* at 314. At most, Appellant could be said to have acquiesced to the successive trials, but Appellant's "[m]ere silence" in the face of serial prosecutions did not merit waiver of his compulsory joinder claim. *Id.* at 315; *see also Commonwealth v. Menhart*, 796 A.2d 990, 992 (Pa. Super. 2002) (nothing that waiver may not be found based on an "appellant's

---

[7] While the prosecutions here occurred in Philadelphia Municipal Court and before magistrate district judges in **Failor**, the Commonwealth is under the same requirement to consolidate charges in both forums. *See Commonwealth v. Johnson*, 247 A.3d 981, 987 n.9 (Pa. 2021).

silent acquiescence"). Moreover, **Failor** establishes that Appellant did not waive his compulsory joinder challenge by waiting to raise the objection to the second prosecution until after he filed a request for a trial *de novo* in the Court of Common Pleas. Accordingly, we reject the Commonwealth's claim that Appellant has waived his appellate argument based upon the compulsory joinder rule.

Turning to the merits of this appeal, we agree with Appellant that the compulsory joinder rule barred his prosecution on DUI charges. Section 110 of the Crimes Code provides as follows:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:
>
> > > \*     \*     \*
>
> > > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii). The compulsory joinder rule set forth in Section 110 "contains four primary elements, which, if met, preclude a prosecution due to a former prosecution for a different offense":

> (1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

*Perfetto*, 207 A.3d at 821 (citation omitted).

In *Perfetto*, Perfetto was charged with DUI and issued a summary citation for operating his vehicle without lights after a traffic stop in Philadelphia. *Id.* at 815. Perfetto was found guilty of the traffic offense following a trial *in absentia* in the Traffic Division of Municipal Court. *Id.* After his DUI charges were held over for trial, Perfetto filed a motion to dismiss invoking the compulsory joinder rule. *Id.* The Court of Common Pleas granted the motion to dismiss, a decision which a divided *en banc* panel of this Court reversed. *Id.* at 815-19; *see also Commonwealth v. Perfetto*, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*), *reversed*, 207 A.3d 812 (Pa. 2019).

On appeal, the Supreme Court concluded that a "straightforward application of the plain language [of Section 110] makes clear that the Commonwealth is precluded from prosecuting [Perfetto] for his DUI charges." *Id.* at 822. The Court determined that (1) Perfetto's former prosecution for the offense of operating his vehicle without lights resulted in a conviction; (2) his current prosecution resulted from the same criminal traffic stop; (3) the Philadelphia District Attorney's Office was aware of the DUI charges at the

time of the summary traffic trial; and (4) Perfetto's DUI offenses occurred in the same judicial district as the former prosecution, namely the First Judicial District, which encompasses the City of Philadelphia. *Id.* at 821-22.[8]

*Perfetto* is factually indistinguishable from the present case and our Supreme Court's decision controls our result here. As in *Perfetto*, Appellant was charged with DUI and a summary traffic offense following a traffic stop in Philadelphia, he was first convicted of the summary traffic offense in the Traffic Division of Municipal Court, and then Appellant faced a second DUI prosecution in the General Division of Municipal Court related to the same incident. The instant case likewise meets all four criteria for application of the compulsory joinder rule: (1) Appellant's initial prosecution in the Traffic Division resulted

---

[8] In *Perfetto*, the Court also considered the exception to the compulsory joinder rule set forth in Section 112(1) of the Crimes Code, which provides that a former "prosecution is not a bar [to a subsequent prosecution] within the meaning of" Section 110 where "[t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1). The Court concluded that Section 112(1) was inapplicable where the General Division of the Municipal Court had jurisdiction to address all of the charges in one proceeding. *Perfetto*, 207 A.3d at 822-23. The Supreme Court addressed the Section 112(1) exception again in *Johnson*, holding that "the offense" as used in that statute "means the offense that was the subject of an initial prosecution resulting in conviction or acquittal." 247 A.3d at 987. The Court therefore concluded that the Commonwealth was barred from prosecuting the defendant on a possession with intent to deliver a controlled substance charge in Common Pleas Court after a summary trial in the Traffic Division of Municipal Court because the Traffic Division had jurisdiction over both the defendant and the summary traffic offense. *Id.* at 986-87. Here, we observe that the Traffic Division of Municipal Court had jurisdiction over Appellant and the summary traffic offense of which he was convicted, and therefore Appellant's subsequent DUI prosecution did not fall within the Section 112(1) exception to the compulsory joinder rule.

- 11 -

in his conviction of disregarding a traffic device; (2) Appellant's DUI case is based upon the same November 28, 2013 traffic stop as the first case; (3) both cases were brought by the Philadelphia District Attorney's Office and therefore the prosecutor was aware of the DUI charges at the time of the summary traffic trial; and (4) both offenses occurred within the City of Philadelphia, i.e. the First Judicial District of Pennsylvania.

Accordingly, we conclude that the compulsory joinder rule set forth in Section 110 of the Crimes Code bars Appellant's prosecution on DUI charges. We reverse the April 13, 2015 order of the Court of Common Pleas denying Appellant's motion to dismiss and remand to the Court of Common Pleas to enter an order dismissing the DUI charges.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/2021